# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 15, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ELAINE CLARK, | * | |
| | * | |
| Petitioner, | * | No. 17-1553V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Phyllis Widman*, Widman Law Firm, LLC, Linwood, NJ, for Petitioner.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 18, 2017, Elaine Clark ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). The petition alleges that Petitioner developed "significant aggravation/exacerbation of arthritis, rheumatoid arthritis with associated polyneuropathy/small fiber neuropathy, exacerbation of carpal tunnel syndrome, and a left shoulder injury" as a result of the influenza ("flu") vaccine she received on December 6, 2015. Pet. at 1 (ECF No. 1). Petitioner later clarified that she was alleging the flu vaccine caused her to develop rheumatoid arthritis ("RA") (ECF No. 41). On June 16, 2023, the undersigned issued her decision dismissing the petition. (ECF No. 101).

On December 19, 2023, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 105). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $3,819.07, representing $3,770.00 in attorneys' fees and $49.07 in attorneys' costs. Fees App. at

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

3. Pursuant to General Order No. 9, counsel for petitioner represents that petitioner personally incurred costs in the amount of $833.07. *Id.* Respondent responded to the motion on December 19, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 106). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned finds that the claim possessed good faith and reasonable basis while it was pending before the Court and notes that Respondent has also indicated in his response that he is satisfied both have been met as well. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

    a.   **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her counsel, Ms. Phyllis Widman, $400.00 per hour for work performed in 2022 and $480.00 per hour for work performed in 2023. Although the requested rate for 2022 is reasonable, the requested rate for 2023 is excessive. Previously, Ms. Widman has been awarded the rate of $420.00 for work performed in 2023. *See McDonald v. Sec'y of Health & Human Servs.,* No. 15-612V, 2023 WL 6620307, (Fed. Cl. Spec. Mstr. Sept. 12, 2023); *Elder v. Sec'y of Health & Human Servs.,* No. 21-0028V, 2023 WL 4196770 (Fed. Cl. Spec. Mstr. May 26, 2023). Petitioner has provided no argument as to why the undersigned should depart from the previously awarded rate for 2023 and the reduced rate shall

be applied herein to her work in this case. This reduces petitioner's request for attorney's fees in the amount of $462.00.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $3,308.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $49.07 in attorneys' costs for postage. Petitioner has provided adequate documentation supporting this cost and it shall be fully reimbursed.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner has indicated that she has personally incurred costs totaling $833.07 in pursuit of her petition for compensation. This amount is comprised of postage, acquiring medical records, and a supplemental report from Dr. Brawer. These costs are reasonable and shall be fully reimbursed.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $3,770.00 |
| (Reduction to Fees) | - ($462.00) |
| **Total Attorneys' Fees Awarded** | **$3,308.00** |
| | |
| Attorneys' Costs Requested | $49.07 |
| (Reduction to Costs) | - |

| | |
|---|---|
| **Total Attorneys' Costs Awarded** | $49.07 |
| **Total Attorneys' Fees and Costs** | $3,357.07 |
| **Petitioner's Costs Awarded** | $833.07 |
| **Total Amount Awarded** | $4,190.14 |

**Accordingly, the undersigned awards the following:**

1) a lump sum in the amount of $3,357.07, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Phyllis Widman; and

2) a lump sum in the amount of $833.07, representing reimbursement for Petitioner's out of pocket costs, in the form of a check payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).